# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| AARON WILBOURN, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 5:07-cv-01956-JFG-JEO |
| | ) | |
| JUDGE PHILIP REICH and | ) | |
| THE ATTORNEY GENERAL OF | ) | |
| THE STATE OF ALABAMA, | ) | |
| | ) | |
| Respondents. | ) | |

## <u>MEMORANDUM OPINION</u>

The petitioner, Aaron Wilbourn, III, filed a petition for writ of habeas corpus with this court on October 25, 2007.  (Doc. 1 (hereinafter "Petition")).[1]  He challenges the validity of his incarceration for civil contempt for nonpayment of child support in the Circuit Court of Lawrence County, Alabama.  Upon consideration, the court finds that it is due to be denied and dismissed with prejudice.

### PROCEDURAL HISTORY

The petitioner was arrested on September 23, 2007, after the Circuit Court of Lawrence County issued an order of attachment premised on the petitioner's purported failure to comply with an order of that court.  (Ex. A & D).[2]  On October 25, 2007, the petitioner filed the present petition for a writ of habeas corpus challenging his incarceration.  On November 1, 2007, he was found to be in contempt of court for his failure to pay court-ordered child support.  He was further informed that he could purge the contempt by

---

[1] References herein to "Doc. ___" are to the document numbers assigned the pleadings by the Clerk of the Court.

[2] The exhibits are located at document 10.

paying $1,500.00 into the Court registry.  (Ex. E).

On November 30, and December 5, 2007, the petitioner filed requests with the state court seeking release premised on proposed payment plans.  (Ex. F & G).  He was released from custody on or about December 5, 2007, on his proposed payment plan.  He has an outstanding balance due of $19,187.18.  (Ex. H).

## DISCUSSION

An application for writ of habeas corpus will not be considered unless the applicant has exhausted available state court remedies.  28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087, 1088 (11th Cir. 1982).  The exhaustion requirement is designed "to effect a proper balance between the roles of state and federal judicial institutions in protecting federal rights."  *Ogle v. Estelle*, 592 F.2d 1264, 1267 (5th Cir. 1979).  As a matter of comity, the rule requires the federal courts to allow the states the initial "opportunity to pass upon and correct errors of federal law in the state prisoner's conviction."  *Fay v. Noia*, 372 U.S. 391, 438, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963).  Such a rule furthers the strong federal policy that federal courts should not unduly or prematurely interfere with state court proceedings.

Section 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the questions presented."  *Rose v. Lundy*, 455 U.S. 509, 518 n.9, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  Pursuant to this provision, the courts have cautioned that the exhaustion requirement is not satisfied until the claim has been fully and fairly presented to the courts for consideration.  *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S. Ct. 509,

30 L. Ed. 2d 438 (1971); *Heath v. Jones*, 863 F.2d 815, 818 (11th Cir. 1989).  Furthermore, the claim must be presented to state courts in such a way as to enable the state to entertain the claim on its merits.

Additionally, before proceeding with any discussion of the merits, this court always must address whether any procedural bars prevent a review of the same.  A federal court's authority to review state court criminal convictions is severely restricted when a petitioner has failed to present the claim in state court or when he fails to follow the applicable state procedural rules. *Teague v. Lane*, 489 U.S. 288, 297-98, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989); *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992).  Where the petitioner fails to present the claim in state court, he is barred from raising it in federal court unless he can show cause for the default and prejudice resulting therefrom.  *Teague*, 489 U.S. at 298.  Where the claim is presented in state court and the last state court to review it states "clearly and expressly" that its judgment rests on a procedural bar, and the bar presents an independent and adequate state ground for denying relief, federal courts may not review the claim.  *Harris v. Reed*, 489 U.S. 255, 263, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989); *Baldwin v. Johnson*, 152 F.3d 1304, 1314 (11th Cir. 1998); *Hill v. Jones*, 81 F.3d 1015, 1022 (11th Cir. 1996), *cert. denied*, 519 U.S. 1119 (1997).

A petitioner must have "'fairly presented' the substance of his federal claims to the state courts by raising both the factual and legal premises of the claims for relief that are now being asserted in the federal proceeding.'"  *Henderson v. Campbell*, 353 F.3d 880, 898 (11th Cir. 2003).  A petitioner "does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief (or a similar document) that does not alert it to the presence of a federal

3

claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). If the claims are not adequately presented in the state court, they are procedurally barred from review. *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002).

There are only two exceptions that allow this court to review the merits of a claim that has been procedurally defaulted. First, the petitioner must demonstrate both cause excusing the default and actual prejudice resulting from the bar. Second, in extraordinary cases, a federal court may grant the writ without a showing of cause and prejudice to correct "a fundamental miscarriage of justice." *Hill*, 81 F.3d at 1023. Under the latter exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Hill*, 81 F.3d at 1023, *citing Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986).

The Alabama Supreme Court has recently stated that in situations involving contempt the following is controlling:

Rule 70A(g)(1), Ala. R. Civ. P., provides:

   " *Where Contemnor Is in Custody*. An adjudication of [civil] contempt is reviewable by appeal if the person found in contempt is being held in custody pursuant to that adjudication, unless the writ of habeas corpus is an available remedy."

   Therefore, the trial court's order of contempt is reviewable by appeal or by a petition for a writ of habeas corpus, if the circumstances satisfy the requirements for a writ of habeas corpus. *See Peterson v. Roden*, 949 So. 2d 948 (Ala. Civ. App. 2006) (father filed a petition for a writ of habeas corpus seeking his immediate release from incarceration based on finding of contempt for failing to pay child support); *Dolberry, supra* (appeal of trial court's order finding husband in contempt and ordering weekend incarceration); *G.W. v. Sheriff of Jefferson County*, 885 So. 2d 807 (Ala. Civ. App. 2004); and *Ex parte Boykin*, 656 So. 2d

4

821 (Ala. Civ. App. 1994).

*Ex parte Wall*, 2007 WL 2898260 at *2 (Ala. October 5, 2007).

In the present instance, the petitioner has not filed any post-order proceeding in the state courts.  He did not appeal the order or seek state habeas corpus review.  (See Ex. I).  His time for seeking appellate review has now expired.  *See* ALA. R. APP. P. 4(a).  Additionally, he cannot file an application for a writ of habeas corpus as he is no longer in custody.  *See* ALA. CODE § 15-21-1.

Because the petitioner has not properly presented his claims in state court and because he has not shown cause and prejudice or actual innocence for failing to do so, he is entitled to no relief or further review by this court.

## CONCLUSION

Premised on the foregoing, the court finds that Wilbourn's petition for a writ of habeas corpus is due to be denied and dismissed with prejudice.

**DONE and ORDERED 3 March 2008.**

**UNITED STATES DISTRICT JUDGE**
**J. FOY GUIN, JR.**